IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| ROY KNIGHT, | |
| Petitioner. | |
| v. | Criminal Action Number 3:03CR163<br>Civil Action Number 3:04CV772 |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Petitioner Roy Knight's pro se Motions to: (1) Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, filed on October 21, 2004; and (2) Dismiss Current Motion Under 28 U.S.C. § 2255 Motion Requesting Court to Accept Second Motion Under 28 U.S.C. § 2255 as First in Light of Defendant's Request to Dismiss Previous Motion, filed on December 14, 2004. For the reasons stated below, Petitioner's motions are DENIED.

I. BACKGROUND

On May 8, 2003, Petitioner Roy Knight ("Knight" or "Petitioner") was indicted by a federal grand jury for conspiracy to distribute cocaine base, commonly known as "crack", in violation of 21 U.S.C. § 846, and distribution of "crack" cocaine, in violation of 21 U.S.C. § 841(a)(1). The Government subsequently filed an Information pursuant to 21 U.S.C. § 851(a) to notify Knight of its intention to seek sentencing enhancement due to his prior felony drug conviction in United States v. Knight, 3:95CR58 (sealed case). On May 30, 2003, Petitioner pleaded guilty to Count One of the Indictment charging him with conspiracy with the intent to distribute "crack" cocaine.

On September 16, 2003, the Court sentenced Knight to two hundred and eighty-eight (288) months imprisonment, ten years supervised release, and a $100 special assessment fee. Knight did not appeal his sentence. Knight filed a Motion to Vacate, Set Aside, or Correct Sentence on October 21, 2004. The Government responded to Knight's Motion on November 1, 2004. On December 14, 2004, Knight requested the Court to dismiss his October 21, 2004, § 2255 petition and the accept his second § 2255 in light of his request to dismiss.

## II. PETITIONER'S CLAIMS

Knight raises three issues in his October 21, 2004, § 2255 petition. First, Knight claims that his guilty plea was in violation of Federal Rule of Criminal Procedure 11 ("Rule 11"). Second, Knight contends that Defense Counsel provided ineffective assistance by failing to present a sentencing entrapment defense. Lastly, Knight asks that Court to grant him an opportunity to amend his petition in light of possible implications under Blakely v. Washington, 124 S. Ct. 2531 (2004).

## III. STANDARD OF REVIEW

When bringing a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, a petitioner bears the burden of proving his grounds for collateral attack by a preponderance of the evidence. Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967); United States v. King, 36 F. Supp. 2d. 705, 707 (E.D. Va. 1999). Section 2255 permits a petitioner to challenge his sentence if the sentencing court lacked jurisdiction, if petitioner's constitutional rights have been infringed upon, or if the judgment is not authorized by law or is otherwise subject to collateral attack. See 28 U.S.C. § 2255. Petitioner in this case is pro se. Accordingly, he is subject to a less stringent standard than an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972).

In general, a petitioner must first articulate his basis for collateral challenge on direct appeal.

If a petitioner attempts to assert errors not first raised on direct appeal, he must show "cause and actual prejudice" resulting from the errors, or establish that a grave injustice would be visited upon him should the court refuse to entertain the collateral attack. United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1990). To be more precise, "[u]nder this standard, to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." Frady, 456 U.S. at 167-68.

IV. DISCUSSION

The Government asserts that all of Petitioner's claims are procedurally barred because he failed to raise them on direct appeal. See Mikalajunas, 186 F.3d at 492-93; see also Daniels v. Lee, 316 F.3d 477, 486 n. 7 (4th Cir. 2003). Petitioner's claim based on ineffective assistance of counsel is not procedurally barred even though it was not raised on direct appeal. See Mikalajunas, 186 F.3d at 492-93. ("The existence of cause for a procedural default must turn on something external to the defense, such as novelty of the claim or a denial of effective assistance of counsel.") However, since Petitioner has failed to show cause as to why he did not raise his invalid guilty plea and Blakely claims on direct appeal or actual prejudice due to the errors he challenges in his § 2255 petition, these claims are DENIED. Even assuming, *arguendo*, that Petitioner's claims were not procedurally barred, these claims would be DENIED based on the merits.

A. Invalid Guilty Plea

Petitioner contends that his guilty plea was not supported by an adequate factual basis because the record shows no evidence that a conspiracy existed. In support of his argument,

3

Petitioner asserts that a charge for conspiracy cannot be maintained if the individual is accused of conspiring with a government agent or an informant. See United States v. Barnes, 604 F.2d 121, 161 (2d Cir. 1979) (noting that liability for conspiracy cannot be imposed for conspiring with a government agent). Petitioner submits that because he is accused of conspiring to distribute drugs with Kevin Cheatam ("Cheatam"), a confidential informant, a factual basis for the conspiracy charge does not exist. Petitioner states that the police reports and the plea colloquy do not indicate that a conspiracy existed. See Montgomery v. United States, 853 F.2d 83, 85-86 (2d Cir. 1988) (finding insufficient factual basis for guilty plea to conspiracy charge where defendant admitted conspiring with government agents, but refused to admit conspiring with other co-conspirator named in the indictment).

While it is true that Petitioner cannot be found guilty of conspiring with a government agent, the record supports the Court's acceptance of Petitioner's guilty plea. See United States v. Chase, 372 F.2d 453, 459 (4th Cir. 1967) ("[O]ne who acts as a government agent and enters into a purported conspiracy in the secret role of an informer cannot be a co-conspirator."). The Statement of Facts signed by Petitioner states:

> On April 14, 2003, the confidential informant, who was wearing a recording device, traveled to 1573 Johnson Road in Petersburg. Soon thereafter, defendant Roy Knight *and another unknown black male* drove up to the residence. The *other black male* gave the drugs to defendant Knight, who then gave them to the informant. The informant left the residence and turned the drugs over [to] the DEA agents.

See Statement of Facts ¶ 3 (emphasis added). Contrary to Petitioner's claim, Cheatam is not named as a co-conspirator in the indictment, nor is Cheatam alleged to be a co-conspirator in the Statement of Facts. Moreover, the actions of the "unknown black male" support the conspiracy charge against Petitioner. Given, the circumstantial evidence admitted to by Petitioner in his Statement of Facts,

enough evidence was present for the Court to conclude that Petitioner's plea was supported by adequate factual evidence. See e.g. United States v. Burgos, 94 F.3d 849, 858 (4th Cir. 1996) (en banc) ("Circumstantial evidence sufficient to support a conspiracy conviction need not exclude every reasonable hypothesis of innocence, provided the summation of the evidence permits a conclusion of guilt beyond a reasonable doubt .") (citing Holland v. United States, 348 U.S. 121, 139-40 (1954)). Accordingly, Petitioner's § 2255 cannot be supported on this ground.

      B. Ineffective Assistance of Counsel

In order to successfully raise an ineffective assistance of counsel claim on collateral attack, a petitioner must satisfy the two prong test articulated in Strickland v. Washington, 466 U.S. 668, 687 (1984) (holding that a petitioner must establish that counsel's performance fell below the range of professionally competent assistance and that counsel's deficiencies were actually prejudicial). Where the petitioner asserts a claim of ineffective assistance of counsel in relation to a guilty plea, the petitioner must satisfy a modified Strickland test in order to prevail. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). Specifically, the petitioner must prove two separate elements: first, that counsel's performance was deficient; and, second, that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

The first prong requires that, "the [movant] show that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-688. The second, or "prejudice" prong of the test, "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill, 474 U.S. at 59. "[W]here the alleged error of counsel is failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have

succeeded at trial." Id. Failure to meet either prong of the Strickland test defeats a petitioner's claims. Strickland, 466 U.S. at 700.

Petitioner argues that Defense Counsel, Steven Hewlett, provided ineffective assistance because he failed to present a meaningful "sentencing entrapment" defense. Petitioner contends that the Government used Cheatam to coerce him into dealing crack cocaine, instead of powder cocaine. Specifically, Petitioner asserts that on March 27, 2003, he was arrested and charged regarding a shooting in the City of Petersburg, Virginia. Petitioner was released on bond for this offense, on March 28, 2003. Upon his release, Petitioner contacted his probation officer and informed him of the arrest.[1] On or about April 10, 2003, Petitioner was contacted by Cheatam, who was working as a government informant. Cheatam asked Petitioner to supply him with 125 grams of crack cocaine "so he could get his situation straight." Petitioner claimed that he did not deal with crack cocaine, but only sold powder cocaine. After several conversations in which Cheatam insisted that he needed "crack" cocaine, Petitioner helped his "alleged friend out of trouble" by coming up with the amount of "crack" requested. Petitioner submits that the government coercion employed by Cheatam constitutes sentence entrapment.

In support of his case, Petitioner relies primarily on United States v. Staufer, 38 F. 3d 1103 (9th Cir. 1994). In Staufer, defendant, who was a user and sometime seller of lysergic diethamide acid (LSD), only sold small quantities of LSD to personal friends, initially rejected the undercover agents offer to buy large quantities, had recently been robbed, beaten and hospitalized, and was going through serious financial difficultly. Id. at 1105, 1108. The court found that "sentencing entrapment" or "sentencing factor manipulation" was a valid basis for downward departure from the sentencing

---

[1]Petitioner was on supervised release due to a 1995 drug conviction.

guidelines and that defendant's situation merited departure. Id. at 1108.

While Petitioner claims that a theory of "sentencing entrapment" should have been raised by Mr. Hewlett, Petitioner's claim is more akin to a theory of "sentencing manipulation." Under a theory of sentencing manipulation, the Court must look to see if the "outrageous conduct of the government would justify a reduced sentence." United States v. Jones, 18 F.3d 1145, 1153 (4th Cir. 1994). It is irrelevant whether a defendant is predisposed to commit a crime. Id. at 1152-53. Conversely, a theory of sentencing entrapment can only be raised based on a "lack of predisposition on the part of the defendant." Id. at 1153. Petitioner, in his motion, specifically states that the police reports will show the that the Government committed outrageous misconduct by manipulating him to deal in crack cocaine. Furthermore, Petitioner does not claim that he was not predisposed to commit a drug crime. Accordingly, Petitioner's argument is properly assessed under the standard for "sentencing manipulation".

The record is insufficient to determine whether Mr. Hewlett's representation fell below an objective standard of reasonableness. However, even assuming, *arguendo*, that Mr. Hewlett's counsel did fall below the level of objective reasonableness, Petitioner has not shown how Mr. Hewlett's failure to raise this claim affected the outcome of his plea process. Given the Fourth Circuit's view of the "sentencing manipulation" argument, Petitioner was not likely to prevail on this ground. The Fourth Circuit has stated that when considering "sentence manipulation" arguments:

> We decline to impose a rule that would require the government to come forward with a purpose or motivation, other than its responsibility to enforce the criminal laws of this country, as a justification for an extended investigation or for any particular step undertaken as part of an investigation. We also decline to adopt a similar rule that would require district courts to speculate as to the motives of, or to ascribe motives to, law enforcement authorities. Due process requires no such ruminations.

Id. at 1155. Petitioner would have a high burden to show that the actions of the Government were so outrageous that a sentence reduction should be granted. See id. ("We note our skepticism as to whether the government could ever engage in conduct not outrageous enough so as to violate due process to an extent warranting dismissal of the government's prosecution, yet outrageous enough to offend due process to an extent warranting a downward departure with respect to a defendant's sentencing.").

In the case at bar, it is not likely that the confidential informant's persistent requests that Petitioner sell him crack cocaine instead of powder cocaine is so outrageous as to merit a downward departure. The record shows that Petitioner was predisposed to commit drug crime and was not coerced into making a drug deal. Petitioner responded to the request of the confidential informant; this was his choice and he has to live with it. Furthermore, "sentencing manipulation" is not an affirmative defense that would have helped prove Petitioner's innocence at trial. Given the nature of the "defense", it is only a factor to be considered at sentencing. Accordingly, it is highly unlikely that Petitioner "would not have pleaded guilty and would have insisted on going to trial" if Mr. Hewlett raised a "sentencing manipulation" argument. Because Petitioner has failed to show that Mr. Hewlett's representation affected the plea process, Petitioner's ineffective assistance of counsel claim is DENIED. See Strickland, 466 U.S. at 700 (failure to meet either prong of the Strickland test defeats a petitioner's claims.)

C. Applicability of United States v. Blakely

Petitioner asks the Court for permission to amend his petition incase the Sentencing Guidelines violated his right to a jury trial based on the Supreme Court's ruling on Blakely v. Washington, 124 S. Ct. 2531. While Petitioner does not state how the decision in Blakely affects his

case, Blakely is inapplicable to the case at bar. Petitioner pleaded guilty to an enhanced sentencing allegation under 21 U.S.C. § 851 which carried a mandatory minimum of 20 years and a maximum sentence of life imprisonment. Petitioner's criminal record led to a finding that he was a career offender and Petitioner was sentenced according to this finding. See U.S.S.G. § 4B1.1(a) (A defendant is a career offender if (1) at least eighteen years of age at time defendant committed offense; (2) the instant offense is a felony involving a controlled substance; and (3) the defendant has at least two prior controlled substance felony convictions).

As stated above, the plea agreement entered into by Petitioner was based on a sufficient factual basis. Furthermore, Petitioner did not contest his criminal record or object to the Presentence Report at sentencing. Accordingly, Petitioner has admitted every fact essential to the determination of his sentence. See Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). Petitioner's argument that his sentencing range violates the holding in Blakely fails because Petitioner's sentencing range is based on his prior convictions and Blakely did not overrule the Supreme Court's prior holding in Apprendi. Moreover, Blakely does not apply retroactively to cases pending on collateral review. Lilly v. United States, 342 F. Supp.2d 532 (W.D. Va. 2004).

D. Request for Hearing

The Court, upon review of the record, may determine whether a hearing is required and "[i]f it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice dictates." Rule 8(a) of the Rules Governing Section 2255 Proceedings; see also 28 U.S.C. § 2255 (requiring an evidentiary hearing on a habeas claim "unless the motion and the

files and records of the case conclusively show that the prisoner is entitled to no relief"). In this case, the record conclusively shows that Petitioner is not entitled to relief. Accordingly, Petitioner's request for an evidentiary hearing is DENIED.

## V. REQUEST TO ACCEPT SECOND § 2255 IN LIGHT OF REQUEST TO DISMISS CURRENT § 2255

Petitioner's original § 2255 petition has been dismissed on the merits. "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court lacks jurisdiction to consider a successive petition that has not been authorized by the Court of Appeals. United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (citing Evans v. Smith, 220 F.3d 306, 325 (4th Cir. 2000)). Accordingly, Petitioner's request to dismiss his current § 2255 petition is DISMISSED FOR LACK OF JURISDICTION.

## VI. CONCLUSION

For the reasons outlined above, Petitioner's § 2255 Motion is DENIED and Petitioner's Motion to Dismiss Current Motion Under 28 U.S.C. § 2255 Motion Requesting Court to Accept Second Motion Under 28 U.S.C. § 2255 as First in Light of Defendant's Request to Dismiss Previous Motion is DISMISSED FOR LACK OF JURISDICTION.

    /s/ James R. Spencer
    UNITED STATES DISTRICT JUDGE

MAY 6, 2005
DATE